T.C. Summary Opinion 2006-52

UNITED STATES TAX COURT

ESTHER A. D'AVILAR, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10097-04S.          Filed April 17, 2006.

Esther A. D'Avilar, pro se.

<u>Michelle L. Maniscalco</u>, for respondent.

CARLUZZO, <u>Special Trial Judge</u>:  This case for the
redetermination of a deficiency was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
at the time the petition was filed.  Unless otherwise indicated,
subsequent section references are to the Internal Revenue Code in
effect for 2000.  Rule references are to the Tax Court Rules of
Practice and Procedure.  The decision to be entered is not

reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a $3,026 deficiency in petitioner's 2000 Federal income tax. Petitioner has conceded the correctness of the adjustments that give rise to the deficiency. The dispute between the parties focuses on petitioner's entitlement to deductions not claimed on her original return.

The issues for decision are: (1) Whether petitioner is entitled to various itemized and business expense deductions shown on an amended return not processed by respondent (the unprocessed amended return); (2) whether respondent may claim an increased deficiency based upon income reported on a Schedule C included with the unprocessed amended return; and (3) whether respondent may now assert a section 6662(a) accuracy-related penalty based upon petitioner's failure to keep records to substantiate deductions claimed on the unprocessed amended return.

## Background

Some of the facts have been stipulated and are so found. At the time the petition was filed, petitioner resided in Brooklyn, New York.

During the year in issue, petitioner: (1) Was employed by the City of New York and earned wages totaling $23,646.39, evidenced by the issuance of a Form W-2, Wage and Tax Statement,

that also shows $942.31 of Federal income tax withholdings; (2) prepared Federal income tax returns for other individuals; and (3) made cash contributions totaling $1,315 to the Brooklyn Tabernacle Deliverance Center.

Petitioner's timely filed 2000 Federal income tax return shows her name as the "paid preparer" and "Marcy Multiservice Center" as the name of the firm of the paid preparer.  On that return petitioner:  (1) Reported wage income of $12,360; (2) claimed exemption deductions for herself and three dependents; (3) claimed the standard deduction; and (4) claimed an earned income credit computed by treating each of two dependents as a qualifying child.  Petitioner did not elect to itemize deductions on her 2000 return, and she did not include a Schedule C, Profit and Loss from Business, with that return.  Her return shows no taxable income and no income tax liability.  The $4,157 refund claimed on petitioner's return consists of $1,245 of Federal income tax withholdings from her wages and a $2,912 earned income credit.  Attached to petitioner's return is a Form W-2 from the City of New York that reports the wages and income tax withholdings shown on petitioner's return.[1]

In the notice of deficiency respondent increased petitioner's income by $11,286, which is the difference between

---

[1] No explanation has been provided for the discrepancies between the Forms W-2 contained in the record.

the wages she was paid by the City of New York and the wages she reported on her return. Respondent also allowed a $1,000 child tax credit, although no such credit was claimed on petitioner's return. The income tax liability shown in the notice of deficiency is $646. When added to the computational reduction in the earned income credit ($2,380) that results from the increase in petitioner's income, the deficiency amounts to $3,026.

In April 2001, petitioner submitted an amended return to respondent. The amended return was not processed by respondent and none of the items reported on the amended return are taken into account in the notice of deficiency. The amended return includes a Schedule A, Itemized Deductions, on which the following deductions are claimed: (1) $1,111 for State and local income taxes, (2) $10,800 for home mortgage interest; and (3) $4,355 for gifts to charity. The amended return also includes a Schedule C, Profit or Loss From Business, on which gross income of $11,038 is reported, and the following expenses are deducted: (1) $1,284 for advertising; (2) $1,450 for commissions and fees; (3) $2,250 for rent; (4) $5,400 for repairs and maintenance; (6) $3,652 for supplies; (7) $3,254 for utilities; and (8) $7,366 for "other expenses". When offset against the gross income reported on the Schedule C, the foregoing deductions result in the $13,738 net loss shown on that schedule.

## Discussion

As noted above, petitioner now agrees that she underreported her wages from the City of New York on her 2000 return. She now challenges respondent's refusal to adjust the deficiency here in dispute to take into account the deductions claimed on the Schedules A and C attached to her amended return.

1. Itemized Deductions

In computing an individual's taxable income, the individual may elect to itemize deductions. Sec. 63(b), (d) and (e). The election is made on the individual's return. Sec. 63(e)(2). In the absence of such an election, the individual's taxable income is computed with reference to the standard deduction. Sec. 63(b) and (c). Here, petitioner did not elect to itemize deductions on her 2000 return, but she elected to do so on the amended return. This she is entitled to do. Sec. 63(e)(3); sec. 1.63-1(a), Income Tax Regs. Nevertheless, she is required to substantiate the deductions claimed on the Schedule A included with the amended return. Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 90 (1975); affd. per curiam 540 F.2d 821 (5th Cir. 1976); sec. 1.6001-1(a), Income Tax Regs. Furthermore, to have any consequence here, the total of the allowable itemized deductions must exceed the standard deduction; i.e., $6,450.

Mathematically, the itemized deductions claimed on the Schedule A can exceed the standard deduction only if all, or at

least a portion of the "home mortgage interest" expense deduction is allowed. In general and simply put, a taxpayer is entitled to a deduction for qualified residence interest (referred to on the Schedule A as "home mortgage interest"). Sec. 163(h)(2)(D).

In this case, petitioner has failed to establish that any such interest has been paid. She produced a copy of a mortgage, but the instrument shows that the underlying indebtedness is payable "on demand". Assuming, without finding, that the real estate subject to the mortgage is a "qualified residence" within the meaning of section 163(h)(3) and (4), it remains that petitioner has not produced any documents evidencing that any payments on the mortgage had been made during the year in issue. Petitioner is not entitled to the deduction for home mortgage interest claimed on the Schedule A included with the unprocessed amended return.

That being so, as noted above, we need not consider whether petitioner is entitled to the deductions for State income taxes and gifts to charity because the total of those two claimed deductions, even if allowed in full, would be less than the standard deduction.

2. Schedule C Items

In general, a taxpayer is entitled to a deduction for all ordinary and necessary business expenses. Sec. 162(a). The types of deductions claimed on the Schedule C included with the

unprocessed amended return consisted of the types of expenses contemplated by section 162(a).  Nevertheless, except for her employment with the City of New York, we cannot tell with any degree of certainty whether petitioner was otherwise employed during the year in issue.  Furthermore, to the extent she was, with the possible exception of the deduction for "commissions and fees", petitioner has failed to substantiate any of the deductions claimed on the Schedule C.  Petitioner is not entitled to any of the deductions claimed on the Schedule C included with the unprocessed amended return.

3. <u>Respondent's Claim for an Increased Deficiency</u>

At trial, respondent requested leave to claim an increased deficiency based upon the income reported on the Schedule C included with the unprocessed amended return.  Ignoring various technical and procedural infirmities surrounding respondent's request, we note that respondent has been in possession of the unprocessed amended return since April 2001.  As best can be determined from the record, that return has been treated, more or less, as a nullity from the date of receipt until the date of trial.  We see no reason to change its status at this point in the proceeding.  Respondent's request to claim an increased deficiency is denied.

4. Respondent's Request To Impose a Section 6662(a) Penalty

At trial, respondent also requested leave to impose a section 6662(a) penalty upon the ground that petitioner failed to maintain adequate records to substantiate the deductions claimed on the unprocessed amended return.  See sec. 1.6662-3(b), Income Tax Regs.  Again, ignoring the technical and procedural infirmities surrounding respondent's request, given the manner in which the amended return has been treated, imposition of the penalty is not appropriate.  Respondent's request is denied.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

Decision will be entered

for respondent.